| | |
|---|---|
| Andrew T. Bayman<br>Georgia Bar No. 043342<br>Harold E. Franklin, Jr.<br>Georgia Bar No. 273416<br>Anneke J. Shepard<br>Georgia Bar No. 545247<br>KING & SPALDING LLP<br>1180 Peachtree Street, N.E.<br>Atlanta, Georgia 30309<br>(404) 572-4600<br><br>and<br><br>David L. Ayers<br>Admitted *Pro Hac Vice*<br>Watkins & Eager PLLC<br>The Emporium Building<br>400 East Capitol Street<br>Jackson, Mississippi 39201<br>(601) 965-1900<br><br>Attorneys for Defendants<br>TOYOTA MOTOR CORPORATION,<br>TOYOTA MOTOR SALES, U.S.A., INC.,<br>TOYOTA ENGINEERING & MANUFACTURING<br>AMERICA, INC., and TOYOTA MOTOR<br>NORTH AMERICA, INC. | Vincent Galvin (CA SBN 104448)<br>vincent.galvin@bowmanandbrooke.com<br>BOWMAN AND BROOKE LLP<br>1741 Technology Drive, Suite 200<br>San Jose, CA  95110-1364<br>Telephone:  (408) 279-5393<br>Facsimile:    (408) 279-5845<br><br>and<br><br>Joel H. Smith (SC SBN 5266)<br>joel.smith@bowmanandbrooke.com<br>BOWMAN AND BROOKE LLP<br>1441 Main Street, Suite 1200<br>Columbia, SC  29201-2897<br>Telephone:  (803) 726-7420<br>Facsimile:    (803) 726-7421<br><br>Lead Defense Counsel for Personal<br>Injury/Wrongful Death Cases |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>IDA STARR ST. JOHN, et al. v. TOYOTA MOTOR SALES, U.S.A., INC., et al.<br>Case No. 8:10-cv-01460-JVS - FMO | Case No. 8:10ML2151 JVS (FMOx)<br><br>**TOYOTA MOTOR SALES, U.S.A., INC.;<br>TOYOTA MOTOR NORTH AMERICA, INC.;<br>TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; AND TOYOTA MOTOR CORPORATION'S EXPEDITED MOTION TO COMPEL PRODUCTION OF  EXPERT MATERIALS OF ROBERT ANDERSON** |

**EXPEDITED MOTION TO COMPEL PRODUCTION
OF EXPERT MATERIALS OF ROBERT ANDERSON**

COME NOW Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Corporation ("Toyota"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, and respectfully move this Court to order immediate production of the expert materials of Mr. Robert Anderson. In support hereof, Toyota shows the following:

1. Plaintiff has failed to fully comply with this Court's Order and with the requirements of Rule 26 with respect to their expert disclosures and reliance materials. Given the very short period of time between initial expert disclosures and rebuttal disclosures, we immediately need the expert materials of Dr. Robert Anderson which plaintiff should have provided on April 12.

2. *Order No. 21: Revised Schedule for Second PI/WD Bellwether Trial* (Doc. 23398), required the parties to exchange expert disclosures on April 12, 2013. According to both Rule 26 and this Court's guidance, the disclosures were required to include (1) the facts or data considered by the witness in forming all opinions; and (2) all exhibits that were used to summarize or support any opinions. At the April 4 status conference before Your Honor, these requirements were reiterated by the Court:

> 15 MR. SMITH: I just have a question for the Court
> 16 related to the April 12 disclosure of expert reports
> 17 because we are now at that point in Your Honor's schedule where we
> 18 will produce to each other on the 12th expert reports. We
> 19 had been providing the Court with those, and we will
> 20 continue to do that. I just want to make sure that the
> 21 format that we have done that in in the past is appropriate.
> 22 THE COURT: A hard copy with a disk or a thumb
> 23 drive or whatever is appropriate.
> \*\*\*
> **18 .....Finally, the last time we did the Van Alfen
> 19 production there was a question of the completeness of the
> 20 reliance materials that were produced with the reports. We
> 21 just want to reiterate that we believe it's important that
> 22 all of those reliance materials be produced with the report**

> 23 on a hard drive and in hard copy the way we did that in the
> 24 past. There were some honest errors in omitting some
> 25 things, but there were also some things that were just not
> 1 included as not being thought being needed, things like raw
> 2 video that we need in order to analyze any testing that is
> 3 done. We just want to make sure that everybody is on the
> 4 same page now before we have to squawk at each other about
> 5 what is not produced, which we did for about six weeks I
> 6 think. It's so important that we get that and have this
> 7 short period of time to respond.
> **8 THE COURT: I think it is helpful to remind people**
> **9 that they need to comply fully with regard to the reliance**
> **10 materials.**

(Exhibit A, Hearing Trans. April 4, 2013 pp. 34-36) (emphasis added).

3.  In violation of the clear requirements of Rule 26 and this Court's recent admonition, many of plaintiff's expert disclosures served on April 12 were deficient and did not include the required materials. Accordingly, on April 18, we asked plaintiff to correct the many deficiencies. (See Correspondence from Crongeyer to Walburg with accompanying deficiency list attached hereto as Exhibit B). Plaintiffs failed to correct all of the deficiencies. Then, on April 22, we updated the list of deficiencies, again asked plaintiff to address them, and received some additional materials in response. (See correspondence from Crongeyer to Walburg attached hereto as Exhibit C). In both letters, we asked for the production of Dr. Anderson's materials.

4.  Defendants are entitled to the materials of Dr. Anderson and plaintiff should have produced them on April 12. Indeed, Myles Kitchen was designated by plaintiff as an expert. In Mr. Kitchen's report (Exhibit D), he discusses the work of Robert Anderson who examined and photographed the subject vehicle, did a material analysis and wrote a report directed to plaintiff's counsel, Mr. Walburg. Of particular relevance is this statement from Mr. Kitchen's report: "Dr. Anderson submitted a report with his findings on March 29, 2013 (see Exhibit 21), and I <u>am relying</u> on his findings." (Exhibit D at p.44, emphasis added) Dr. Anderson's report (Exhibit E) then was attached to Mr. Kitchen's report and served herein. Plaintiff clearly retained Dr. Anderson in this case and paid him for this work and his report. There can be no dispute that Mr. Kitchen clearly relies on the report and work of Dr. Anderson.

3

5. Notably, a party may obtain access to a consulting expert's work where a testifying expert relies on it in forming his opinion. *See U.S. v. City of Torrance*, 163 F.R.D. 590, 593 (C.D. Cal.1995) (requiring disclosure of letters from counsel and consulting expert to testifying expert); *Pearl Brewing Co v. Schlitz Brewing Co.*, 415 F. Supp. 1122, 1138 (S.D. Tex. 1976) (allowing not only production of non-testifying experts but depositions of two such experts to proceed where consulting experts had prepared computer model upon which testifying expert had relied); and *Heitmann v. Concrete Pipe*, 98 F.R.D.740 (E.D.Mo.1983) (consulting expert's report was discoverable when testifying expert based his report on consulting expert's report).

6. However, despite our requests, plaintiff has refused to produce Dr. Anderson's file materials or to tell us whether he intends to produce the data, materials or, photographs related to Anderson's work. We even again asked for these materials or at least plaintiff's position as to these materials on April 24. (See Email correspondence from Crongeyer to Walburg attached hereto as Exhibit F). Again, plaintiff did not even respond.

7. Plaintiff's failure to timely provide these materials is unfairly prejudicing Toyota's ability to prepare rebuttal reports. Time is of the essence given the short period of time between initial expert disclosures and rebuttal disclosures. Defendants respectfully request that plaintiff be ordered to provide Dr. Anderson's materials immediately.

WHEREFORE PREMISES CONSIDERED Toyota respectfully request, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, that plaintiff be compelled to immediately produce the expert materials of Dr. Robert Anderson.

DATED: April 25, 2013

BY: /s/ Anneke J. Shepard
Andrew T. Bayman
Georgia Bar No. 043342
Harold E. Franklin, Jr.
Georgia Bar No. 273416
Anneke J. Shepard
Georgia Bar No. 545247
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 572-4600

and

David L. Ayers
Admitted *Pro Hac Vice*
Watkins & Eager PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
(601) 965-1900

ATTORNEYS FOR DEFENDANTS
TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, U.S.A., INC., and
TOYOTA ENGINEERING &
MANUFACTURING AMERICA, INC.

Vincent Galvin (CA SBN 104448)
vincent.galvin@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
San Jose, CA 95110-1364
Telephone: (408) 279-5393
Facsimile: (408) 279-5845

and

Joel H. Smith (SC SBN 5266)
joel.smith@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1441 Main Street, Suite 1200
Columbia, SC 29201-2897
Telephone: (803) 726-7420
Facsimile: (803) 726-7421

Lead Defense Counsel for Personal
Injury/Wrongful Death Cases

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to any attorneys of record.

I hereby certify that on this date I mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants:

None.

This 25th day of April, 2013.

                                            /s/ Anneke J. Shepard
                                            Harold E. Franklin, Jr.
                                            Georgia Bar No. 273416
                                            King & Spalding LLP
                                            1180 Peachtree Street
                                            Atlanta, Georgia 30309
                                            TEL 404/572-4600
                                            FAX 404/572-5100