Elizabeth J. Cabraser (083151)
*ecabraser@lchb.com*
Todd A. Walburg (213063)
*twalburg@lchb.com*
Jordan Elias (228731)
*jelias@lchb.com*
Phong-Chau G. Nguyen (286789)
*pgnguyen@lchb.com*
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

W. Mark Lanier (Pro Hac Vice)
*WML@LanierLawFirm.com*
Eugene R. Egdorf (Pro Hac Vice)
*ERE@LanierLawFirm.com*
Lee A. Cirsch (227668)
*Lee.Cirsch@LanierLawFirm.com*
THE LANIER LAW FIRM P.C.
6810 FM 1960 West
Houston, TX 77069
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

[Additional counsel on signature page]

*Attorneys for Plaintiff Estate of Ida St. John*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION

This Document Relates To:

*St. John v. Toyota*, Case No. SACV 10-01460-JVS

Case No. 8:10ML02151 JVS (FMOx)

**PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF TOYOTA'S EXPERT ASHISH ARORA REGARDING SOFTWARE TOPICS**

Date: September 30, 2013
Time: 8:00 a.m.
Judge: Honorable James V. Selna

# TABLE OF CONTENTS

**Page**

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXCLUDE TESTIMONY OF TOYOTA'S EXPERT ASHISH ARORA REGARDING SOFTWARE TOPICS ........ 1
MEMORANDUM OF POINTS AND AUTHORITIES........ 2
I. INTRODUCTION ........ 2
II. LEGAL STANDARD........ 3
III. ARGUMENT ........ 4
A. A Proposed Expert Witness Must Have Genuine Expertise in a Designated Subject Area in Order to Be Qualified to Testify About That Subject. ........ 4
B. Mr. Arora Is Not Qualified to Opine on Software Issues........ 5
IV. CONCLUSION ........ 7
CERTIFICATE OF SERVICE ........ 9

# TABLE OF AUTHORITIES

Page

## Cases

*Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993) .................................... 3

*Hidden Oaks v. City of Austin*, 138 F.3d 1036 (5th Cir. 1998) .................................... 4

*In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig*., 686 F.3d 1115 (9th Cir. 2012) .................................... 1

*Jones v. Lincoln Elec. Co.*, 188 F.3d 709 (7th Cir. 1999) .................................... 4

*Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) .................................... 1

*Kennedy v. Baxter Healthcare Corp*., 348 F.3d 1073 (8th Cir. 2003) .................................... 4

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 143 L. Ed. 2d 238, 119 S. Ct. 1167 (1999) .................................... 3

*Surace v. Caterpillar, Inc*., 111 F.3d 1039 (3d Cir. 1997) .................................... 4

*Thomas J. Kline, Inc. v. Lorillard, Inc*., 878 F.2d 791 (4th Cir. 1989) .................................... 4, 5

*Tyus v. Urban Search Mgmt*., 102 F.3d 256 (7th Cir. 1996) .................................... 7

*United States v. Chang*, 207 F.3d 1169 (9th Cir. 2000) .................................... 4

*United States v. Redlightning*, 624 F.3d 1090 (9th Cir. 2010) .................................... 4

## Rules

Fed. R. Evid. 702 .................................... 3

## Treatises

4 Weinstein's Fed. Evid. § 702.04[6] .................................... 4

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXCLUDE TESTIMONY OF TOYOTA'S EXPERT ASHISH ARORA REGARDING SOFTWARE TOPICS**

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 30, 2013, at 8:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10C of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California, Plaintiff Estate of Ida St. John will respectfully move this Court for an Order excluding the testimony of Toyota's proposed expert Ashish Arora regarding software topics.

Pursuant to L.R. 7–3, counsel for the Toyota defendants and counsel for Plaintiff have met and conferred and discussed the various pre-trial motions being filed, and to the extent the parties have been able to eliminate issues, they have. As of this point in time, each side is filing the motions they believe are appropriate.[1]

This Motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, Exhibits A, B, and C to the Motion, any papers filed in reply, all pleadings and records on file in this action, and any other arguments and evidence presented to the Court.

---

[1] Plaintiff is filing publicly this *Daubert* motion and its exhibits because they do not disclose any software source code or other trade secrets, and because this is a dispositive motion. *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig*., 686 F.3d 1115, 1119-20 (9th Cir. 2012) (per curiam); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006). On August 6, 2013, counsel for Plaintiff informed counsel for Toyota that Plaintiff intended to file *Daubert* motions (which do not contain source code) in the public domain, and counsel for Toyota did not object. The excerpts from Mr. Arora's deposition in the *Van Alfen* case that are attached hereto as Exhibit A disclose no source code or other trade secret material. An entirely separate deposition transcript—no portion of which is attached here—was created to record the examination of Mr. Arora in *Van Alfen* concerning actual source code. In an abundance of caution, deposition passages from the main Arora deposition in *Van Alfen* that Toyota designated as highly confidential have been redacted from Exhibit A, and this Motion does not quote any such passage. Pursuant to L.R. 32–1, Plaintiff will lodge complete and unredacted Arora deposition transcripts for the benefit of the Court. Mr. Arora has not yet been deposed in this case; his deposition is scheduled for August 12, 2013.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Mr. Arora is not qualified to provide an expert opinion with respect to Toyota's software source code. His background is in electrical—not software—engineering. He is not an expert in "safety-critical software in an embedded system," which is the focus of this case. Mr. Arora has spent his entire nine-year career at Exponent, Inc., a publicly-traded company in the business of producing expert opinions for corporate defendants.[2] Since joining Exponent, Mr. Arora appears to have developed an expertise in lithium-ion batteries, but that technology is not at issue in the *St. John* case. By contrast, while at Exponent Mr. Arora has never written source code in the language in which Toyota's throttle control code is written. He has no real-world experience analyzing embedded software in a real-time operating system, the type of system in Toyota's vehicles, and indeed never did so until this litigation arose.

To the extent that Mr. Arora proposes to discuss embedded systems software topics, his lack of knowledge and experience in these areas makes him unqualified

---

[2] As Dr. David Michaels explained in his 2008 book *Doubt Is Their Product: How Industry's Assault on Science Threatens Your Health*, "Exponent" started as an engineering firm called "Failure Analysis Associates" which specialized in helping the auto industry defend against lawsuits stemming from crashes:

> "Failure analysis" is a standard methodology for investigating the breakdown of a system or machine, but the firm must have realized that "Failure" in its name might not work well outside the engineering world and switched to the more palatable Exponent, Inc., when it went public in 1998. [¶] Exponent's scientists are prolific writers of scientific reports and papers. While some may exist, I have yet to see an Exponent study that does not support the conclusion needed by the corporation or trade association that is paying the bill.

Exhibit B hereto, *Doubt Is Their Product: How Industry's Assault on Science Threatens Your Health*, Oxford University Press (2008), at 47. The author, David Michaels, Ph.D, MPH, currently serves as the Assistant Secretary of Labor for Occupational Safety and Health, having been appointed by the President and confirmed unanimously by the United States Senate in December 2009.

to offer such opinions. Plaintiff respectfully submits that the Court should preclude Mr. Arora from testifying on such software-related topics as coding standards, ECM software architecture, mirroring of critical variables (a topic on which Mr. Arora provided incorrect information in his Rule 26 *St. John* report, attached as Exhibit C), software faults or bugs, operating system tasks, task death, and watchdog control subsystems.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 precludes the admission of expert testimony unless:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993), the Supreme Court held that Rule 702 and other rules "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 597. Rule 702 and *Daubert* apply to all testifying experts, including "engineers and other experts who are not scientists." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141, 143 L. Ed. 2d 238, 119 S. Ct. 1167 (1999). The *Daubert* inquiry seeks to ensure that the proposed expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

## III. ARGUMENT

### A. A Proposed Expert Witness Must Have Genuine Expertise in a Designated Subject Area in Order to Be Qualified to Testify About That Subject.

While the Rules of Evidence are liberally construed, the Court "may, and perhaps must, exclude on grounds of disqualification any testimony that extends beyond the witness's demonstrated expertise." 4 Weinstein's Fed. Evid. § 702.04[6]. A witness may properly give expert testimony on a subject only if he possesses "extensive hands-on experience over a meaningful period of time" during which he gained "a working expertise" in that subject. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 724 (7th Cir. 1999).

The Ninth Circuit has applied this standard to uphold the exclusion on qualification grounds of (1) an "extremely qualified" expert in international finance who ventured an opinion beyond his expertise regarding the authenticity of a potentially counterfeit securities certificate, *United States v. Chang*, 207 F.3d 1169, 1172-73 & n.2 (9th Cir. 2000), and (2) a non-physician neuropsychologist who offered testimony about the physical symptoms of hypoglycemia and their effects, *United States v. Redlightning*, 624 F.3d 1090, 1115 (9th Cir. 2010).

The case law of other Circuits is in accord. *See Kennedy v. Baxter Healthcare Corp.*, 348 F.3d 1073, 1075 (8th Cir. 2003) (per curiam) (non-physician, non-toxicologist expert was not qualified to opine about what makes a rubber glove safely protective against allergens); *Hidden Oaks v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) (witness who regularly bought, sold, and evaluated the worth of properties in the vicinity of the subject apartment building was not qualified to testify about the building's value, because he was not a licensed real estate appraiser or broker, and had not been trained or formally schooled in appraisal methods); *Surace v. Caterpillar, Inc.*, 111 F.3d 1039, 1055-56 (3d Cir. 1997) (affirming exclusion of expert on qualification grounds); *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 799-800 (4th Cir. 1989) (finding it was

an abuse of discretion to have admitted testimony regarding purported business justifications for allegedly anticompetitive conduct from a "professional" expert who lacked expertise in antitrust or credit topics, and stating "it would be absurd to conclude that one can become an expert simply by accumulating experience in testifying.").

**B. <u>Mr. Arora Is Not Qualified to Opine on Software Issues.</u>**

Since receiving a master's degree in 2003, Mr. Arora has spent his entire career at Exponent, Inc. *See* Exhibit A hereto, Arora Dep. in *Van Alfen v. Toyota Motor Sales, U.S.A., Inc., et al.*, Case No. CV11-08120 JVS (FMOx), at 14:16–18 (Mr. Arora stated that "[e]ver since leaving the university . . . Exponent has been the only job I've had"); *see also* Ex. B. Moreover, Mr. Arora's resume shows that his published articles have overwhelmingly focused on lithium-ion batteries, power electronics, and other topics in electrical engineering—*i.e.*, hardware as opposed to software. *See* Exhibit C hereto, at Appendix A; Arora Dep. in *Van Alfen* at 18:1–3; 31:23–32:2 (Mr. Arora agreed that his specialty is "electrical and electronic systems, particularly in power converter and rechargeable battery technology design and safety evaluation.").

The *St. John* case is not about lithium-ion batteries. None of Mr. Arora's articles have addressed embedded systems like those at issue here. When asked at deposition whether he considers himself to be an expert in automobile behavior, Mr. Arora testified, "I am an electrical engineer, sir, so no." Arora Dep. in *Van Alfen* at 12:25. Mr. Arora admitted he lacks specialized expertise in software engineering and safety:

Q. Did you consider yourself a software engineer?

A. I am an electrical and computer engineer, sir.

Q. So you are not a software engineer?

A. My degree is in electrical and computer engineering, so my degree is not in software engineering.

* * *

Q. Do you have a degree in information technology?

A. I do not, sir.

Q. Do you consider yourself an expert in the software safety?

A. I consider myself quite competent in computer engineering and software engineering, but as far as the software safety aspect, I would need you to explain to me what that means.

Q. I think you have answered my question.

* * *

Q. You do not consider yourself to be a software engineer, however?

A. My degree is not in software engineering.

Q. Thank you.

Arora Dep. in *Van Alfen* at 106:10–15; 106:21–107:5; 107:17–20.

Mr. Arora is not an expert in safety-critical software in embedded systems, the type of software used in Toyota's Electronic Throttle Control System. During his tenure at Exponent, Mr. Arora has never written source code in the language in which Toyota's electronic throttle control code is written, nor has he designed an embedded system for any automotive application. *See, e.g.*, Arora Dep. in *Van Alfen* at 10:3–4; 12:10–14; 14:21–22; 15:25–16:1. Unlike Plaintiff's software source code experts, Mr. Arora has never debugged code in an embedded system and has never performed a root cause failure analysis of an automotive electronic system. *Id.* at 15:13; 13:11–13. Prior to his work on behalf of Toyota, Mr. Arora had never reviewed source code in an electronic throttle control system. *Id.* at 10:11–22. None of his case work at Exponent prior to this litigation involved looking at software source code, much less safety-critical code. *Id*. at 50:1–3.

Despite these shortcomings, and even though Exponent's staff appears to include senior software engineers more experienced with embedded systems software, Toyota has put forward Mr. Arora as a software expert. That is

inappropriate. Mr. Arora not only lacks "genuine expertise" in the pertinent software; he is a "hired gun" who testifies for a living. *Tyus v. Urban Search Mgmt.*, 102 F.3d 256, 263 (7th Cir. 1996). The Court should therefore limit his testimony accordingly.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Court should exclude the testimony of Ashish Arora regarding software topics.

Dated: August 8, 2013

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: /s/ *Todd A. Walburg*
Todd A. Walburg

Elizabeth J. Cabraser (083151)
Todd A. Walburg (213063)
Jordan Elias (228731)
Phong-Chau G. Nguyen (286789)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

W. Mark Lanier (Pro Hac Vice)
Eugene R. Egdorf (Pro Hac Vice)
Lee A. Cirsch (227668)
THE LANIER LAW FIRM P.C.
6810 FM 1960 West
Houston, TX 77069
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

Cale Conley (Pro Hac Vice)
Ranse Partin (Pro Hac Vice)
CONLEY GRIGGS PARTIN, LLP
1380 West Paces Ferry Road, N.W., Ste. 2100
Atlanta, GA 30327
Telephone: (404) 467-1155
Facsimile: (404) 467-1166

*Attorneys for Plaintiff Estate of Ida St. John*

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Lieff Cabraser Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, California, 94111-3339.

The foregoing document was served on all parties and their attorneys of record in: *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Product Liability Litig.*, No. 10-2151-JVS; and *St. John v. Toyota*, No. 10-1460-JVS, via ECF.

The foregoing document was also served on the following parties and counsel via United States mail on the date specified below:

Harold Franklin
KING & SPALDING, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone: (404) 572-4600

*Counsel for the Toyota Defendants*

David Ayers
James Crongeyer
WATKINS & EAGER, PLLC
The Emporium Building
400 East Capitol Street
Jackson, MS 39205
Telephone: (601) 965-1900

*Counsel for the Toyota Defendants*

Vincent Galvin
Joel Smith
BOWMAN AND BROOKE, LLP
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone: (408) 279-5393

*Lead MDL Counsel for the Toyota Defendants*

Cale Conley
Ranse Partin
CONLEY GRIGGS PARTIN, LLP
1380 West Paces Ferry Road, N.W.
Suite 2100
Atlanta, GA 30327
Telephone: (404) 467-1155

*Co-Counsel for Plaintiff Estate of Ida St. John*

W. Mark Lanier
Eugene R. Egdorf
Lee A. Cirsch
THE LANIER LAW FIRM P.C.
6810 FM 1960 West
Houston, TX 77069
Telephone: (713) 659-5200

*Co-Counsel for Plaintiff Estate of Ida St. John*

Mark Robinson
Donald H. Slavik
ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS
19 Corporate Plaza
Newport Beach, CA 92660
Telephone: (949) 720-1288

*Co-Lead MDL Counsel for the PI/WD Plaintiffs*

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California on August 8, 2013.

/s/ *Todd Walburg*
Todd A. Walburg