Elizabeth J. Cabraser (083151)
ecabraser@lchb.com
Todd A. Walburg (213063)
twalburg@lchb.com
Jordan Elias (228731)
jelias@lchb.com
Phong-Chau G. Nguyen (286789)
pgnguyen@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

W. Mark Lanier (Pro Hac Vice)
WML@LanierLawFirm.com
Eugene R. Egdorf (Pro Hac Vice)
ERE@LanierLawFirm.com
Lee A. Cirsch (227668)
Lee.Cirsch@LanierLawFirm.com
THE LANIER LAW FIRM P.C.
6810 FM 1960 West
Houston, TX 77069
Telephone:  (713) 659-5200
Facsimile:  (713) 659-2204

Cale Conley (Pro Hac Vice)
cale@conleygriggs.com
Ranse Partin (Pro Hac Vice)
ranse@conleygriggs.com
CONLEY GRIGGS PARTIN, LLP
1380 West Paces Ferry Road, N.W.,
Ste. 2100
Atlanta, GA 30327
Telephone:  (404) 467-1155
Facsimile:  (404) 467-1166

*Attorneys for Plaintiff Estate of
Ida St. John*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Estate of St. John v. Toyota Motor Sales, U.S.A., Inc., et al.,*<br><br>Case No. 8:10-cv-01460-JVS-FMO | Case No. 8:10ML02151 JVS (FMOx)<br><br>**PLAINTIFF'S OPPOSITION TO TOYOTA'S MOTION TO STRIKE AS UNTIMELY EVIDENCE RELATED TO THE OPINIONS IN THE SUPPLEMENTAL REPORT OF MICHAEL BARR**<br><br>Date:          August 15, 2013<br>Time:         8:00 a.m.<br>Judge:       Honorable James V. Selna<br>Courtroom: 10C |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................. 1

II.    FACTUAL BACKGROUND ............................................... 2

III.   ARGUMENT ...................................................................... 4

     A.    Mr. Barr Provided a Proper and Timely Supplemental
          Expert Report In Accordance with Federal Rule of Civil
          Procedure 26 and the Court's Revised Scheduling Order .......... 4

          1.    Mr. Barr Properly Supplemented His Opinions
               Under Rule 26(e) ............................................................ 5

          2.    Mr. Barr's Supplemental Expert Report is Timely .......... 9

          3.    Any Prejudice From Mr. Barr's Supplemental
               Expert Report May be Cured ........................................... 9

     B.    Toyota's Motion to Strike Mr. Barr's Supplemental
          Expert Report is Procedurally Improper.................................. 10

     C.    Mr. Barr's Supplemental Expert Report Does Not
          Warrant Any Sanctions Under Rule 37(c)(1) ........................... 12

IV.   CONCLUSION ................................................................... 13

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Churchill v. United States*,
No. 1:09-cv-01846, 2011 U.S. Dist. LEXIS 13761 (E.D. Cal. Feb. 8, 2011).......5

*In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*,
686 F.3d 1115 (9th Cir. 2012) ................................................................3

*Kamakana v. City & County of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) ..............................................................3

*KDF Enters. v. City of Eureka*,
No. 08-4571 MMC, 2013 U.S. Dist. LEXIS 76252 (N.D. Cal. May 30, 2013) ....5

*Keener v. United States*,
181 F.R.D. 639 (D. Mont. 1998) ............................................................6

*Lost Arrow Corp. v. Dedola Int'l, Inc.*,
No. CV 03-5797 WJR, 2005 U.S. Dist. LEXIS 46437 (C.D. Cal. June 15, 2005) 5

*Luke v. Family Care & Urgent Med. Clinics*,
323 Fed. Appx. 496 (9th Cir. 2009) .......................................................6

*Williams v. Woodford*,
No. 1:06-cv-01535-SKO, 2010 U.S. Dist. LEXIS 121768 (E.D. Cal. Nov. 1, 2010) ......................................................................................5

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001) .............................................................12

**Rules**

C.D. Cal. R. 6-1 ...............................................................................11

C.D. Cal. R. 7-3 ...............................................................................11

Fed. R. Civ. P. 26 ..............................................................................1

Fed. R. Civ. P. 26(a)(3)(b) ....................................................................9

Fed. R. Civ. P. 26(e) ....................................................................2, 5, 6, 9

Fed. R. Civ. P. 26(e)(1)(A) ....................................................................5

Fed. R. Civ. P. 26(e)(2)........................................................................5, 9

Fed. R. Civ. P. 37(c)(1).....................................................................12, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    <u>INTRODUCTION</u>

Plaintiff's source code experts have located the software bug in Toyota's electronic throttle control system source code that explains why Mrs. Ida St. John's 2005 Toyota Camry accelerated out-of-control from a stop sign. The bug was named the "Full Throttle Bug" by Plaintiff's experts in July 2013. This software bug likely also explains the numerous other reported Unintended Acceleration incidents that have initiated at low speeds and when drivers are parking or stopped at an intersection. Toyota is now seeking to quash this significant finding by filing this motion to strike, several *Daubert* motions, and a motion for summary judgment. Granting any of these motions would result in great prejudice to Plaintiff.

Toyota's instant Motion to Strike as Untimely Evidence Related to the Opinions in the Supplemental Report of Michael Barr ("Toyota's Motion") was filed only six (6) days prior to the hearing date. Toyota's Motion completely ignores the parties' duty to supplement expert reports under Federal Rules of Civil Procedure Rule 26, and it disregards the applicable rules regarding notice and the Court's established procedures for filing such motions. In addition, Toyota's Motion covers the same arguments already made in several of the fourteen (14) *Daubert* motions and the motion for summary judgment that Toyota filed one day prior to this motion. Accordingly, as detailed below, the Court should deny Toyota's Motion.

The Supplemental Report of Michael Barr Regarding Toyota's Full Throttle Bug ("Supplemental Expert Report") clarifies a theory that Plaintiff has long held throughout this litigation: Mrs. St. John's Unintended Acceleration incident on April 15, 2009 was caused by a software defect in the electronic throttle control system of her 2005 Toyota Camry. This is not a new argument, and it should not be a foreign concept to Toyota. As Toyota is well aware, the existence of a

1  software defect in Mrs. St. John's 2005 Camry will be a central issue for the jury to
2  decide in this bellwether trial.

3       Michael Barr's Supplemental Expert Report discusses the Full Throttle Bug
4  in detail, but this discussion only expounds upon what Mr. Barr already articulated
5  in his initial April 12, 2013 expert report – Toyota's 2005 Camry source code
6  contains bugs that can miscalculate the vehicle's throttle valve angle and cause
7  Unintended Acceleration.  Mr. Barr's Supplemental Expert Report does not posit a
8  new defect theory; it merely provides a more thorough explanation on an error in
9  Toyota's source code that Plaintiff's source code experts have asserted all along.
10  Since Mr. Barr's report is purely supplemental in nature, it is procedurally proper
11  under Rule 26(e) of the Federal Rules of Civil Procedure.

12       While Mr. Barr's Supplemental Expert Report abides by the rules, the same
13  cannot be said for Toyota's conduct in bringing this motion.  Toyota's counsel
14  failed to properly meet and confer with Plaintiff's counsel in discussing the
15  disputed issues on this motion, contravening this Court's Local Rules.  Toyota has
16  now brought this motion for hearing on extremely short notice, despite Plaintiff's
17  previous good faith efforts to resolve the dispute and cure any potential prejudice
18  that would stem from Mr. Barr's Supplemental Expert Report.

19       Since Toyota has no sound basis for its motion, and has attempted to
20  circumvent the Court's procedures by bringing this motion under an improper
21  hearing date, Plaintiff respectfully requests that the Court deny Toyota's motion.

22  **II.   FACTUAL BACKGROUND**
23       Plaintiff's source code expert Michael Barr produced his initial expert report
24  in this case on April 12, 2013.  The report included a main report and thirteen
25  separate chapters.  This body of work discussed a variety of defects in the software
26  source code for Toyota's 2005 Camry, including bugs that resulted in task death
27
28

1   and the corruption of the vehicle's throttle angle.  *See* Exhibit A[1] to Declaration of

2   Michael Barr In Support Of Plaintiff's Opposition To Toyota's Motion To Strike

3   As Untimely Evidence Related To The Opinions In The Supplemental Report Of

4   Michael Barr ("Barr. Decl.").  Mr. Barr and the source code expert team[2]

5   subsequently assisted with a rebuttal report that Carl Muckenhirn submitted on June

6   6, 2013.  Barr Decl., ¶ 6.  Plaintiff's source code expert team decided that Mr.

7   Muckenhirn should be the lead author of the rebuttal report, because he had

8   discovered, through code review, that Toyota's primary source code expert Ashish

9   Arora of Exponent, Inc. had made a significant error in his expert report when he

10  opined that certain critical variables were mirrored.  *Id*.  This rebuttal report also

11  included further detail on Plaintiff's theories, including the software bug that would

12  eventually become known as the Full Throttle Bug.  *Id.*  Toyota took Mr. Barr's

13  deposition on July 3rd, 2013.  Barr Decl., ¶ 7.  At this deposition, Toyota's counsel

14  repeatedly asked Mr. Barr about the existence of the bug in Toyota's source code

15  which could have caused Mrs. St. John's vehicle to suddenly accelerate from a

16  stationary position.  It was during this July 3rd deposition of Mr. Barr that the term

17  Full Throttle Bug was first used.  *Id.*

18      Toyota took further depositions of Plaintiff's source code experts, and

19

20  [1] The excerpts in this exhibit come from Mr. Barr's redacted April 12, 2013 expert
    report.  Out of an abundance of precaution, Plaintiff redacted additional portions of
21  this exhibit to remove any source material that Toyota did not redact.  Plaintiff is
    publicly filing this exhibit because it does not disclose any software source code or
22  other trade secret, and because this is a dispositive motion.  *In re Midland Nat'l Life
    Ins. Co. Annuity Sales Practices Litig*., 686 F.3d 1115, 1119-20 (9th Cir. 2012) (per
23  curiam); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-81 (9th
    Cir. 2006).
24
    [2] Plaintiffs' source code experts operate as a team. Given the millions of lines of
25  complex code to review and the restrictive conditions in the secure source code
    room, this has become a necessity.  Michael Barr is the de-facto leader of the team.
26  He is also the Chief Technical Officer of the Barr Group, which employs several of
    the team members.  When reports are required to be written, several members of the
27  team collaborate and work together on both the code review and report drafting.

28

1    continued to inquire about the Full Throttle Bug.  Following these depositions,

2    Toyota requested that Plaintiff provide a written explanation of the Full Throttle

3    Bug.  Barr Decl., ¶ 9; Declaration of Todd Walburg In Support Of Plaintiff's

4    Opposition To Toyota's Motion To Strike As Untimely Evidence Related To The

5    Opinions In The Supplemental Report Of Michael Barr ("Walburg Decl."), ¶ 3.  In

6    response, Mr. Barr produced his Supplemental Expert Report on August 2, 2013,

7    which refined the opinions in his initial expert report to explain the Full Throttle

8    Bug.  Barr Decl., ¶ 9; Walburg Decl., ¶ 4.  To help clarify Mr. Barr's opinions,

9    Plaintiff offered Toyota an opportunity to depose Mr. Barr on his Supplemental

10   Expert Report.  Walburg Decl., ¶¶ 5-6; Exhibit A to Walburg Decl.   Although

11   Plaintiff provided Toyota with multiple dates to take this follow-up deposition,

12   Toyota declined the offer.  Instead, Toyota moved to exclude Mr. Barr's

13   Supplemental Expert Report by filing the present motion.

14   **III.   ARGUMENT**

15           **A.   Mr. Barr Provided a Proper and Timely Supplemental Expert**

16           **Report In Accordance with Federal Rule of Civil Procedure 26**
             **and the Court's Revised Scheduling Order**

17           Contrary to Toyota's assertions, Mr. Barr's Supplemental Expert Report only

18   builds upon the existing opinions of his initial April 12, 2013 expert report.  As set

19   forth below, Plaintiff is permitted to supplement an expert witness's report under

20   Rule 26, and the submission of Mr. Barr's supplemental report falls well within the

21   Court's Order No. 21: Revised Schedule for Second PI/WD Bellwether Trial

22   [Master Dkt. No. 3398] ("Revised Scheduling Order").[3]  Since Mr. Barr's

23   supplemental opinions are neither new nor untimely, Toyota has no sound basis for

24   bringing this motion.

25

26

27   [3] The Court's Revised Scheduling Order is attached hereto as Exhibit B to the
     Walburg Declaration.

28

1   2   3   4   5   6   7   8   9   10   11   12   13   14   15   16   17   18   19   20   21   22   23   24   25   26   27   28

### 1.   **Mr. Barr Properly Supplemented His Opinions Under Rule 26(e)**

Rule 26(e) of the Federal Rules of Civil Procedure provides the parties with a duty to supplement their experts' reports:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(2).  A party must supplement an expert report if it learns that the disclosure or response is incomplete or incorrect.  Fed. R. Civ. P. 26(e)(1)(A); *KDF Enters. v. City of Eureka,* No. 08-4571 MMC, 2013 U.S. Dist. LEXIS 76252, at *10 (N.D. Cal. May 30, 2013).  This duty to supplement is ongoing, and continues up until the deadline for the parties' pretrial disclosures.  Fed R. Civ. P. 26(e)(2); *see also Lost Arrow Corp. v. Dedola Int'l, Inc.*, No. CV 03-5797 WJR, 2005 U.S. Dist. LEXIS 46437, at *3 (C.D. Cal. June 15, 2005) ("Rule 26 also establishes an ongoing duty to supplement previous a [sic] disclosures."); *Williams v. Woodford*, No. 1:06-cv-01535-SKO, 2010 U.S. Dist. LEXIS 121768, at *8 (E.D. Cal. Nov. 1, 2010) (noting that Rule 26(e) imposes an ongoing duty to supplement all discovery responses).

Mr. Barr's Supplemental Expert Report is consistent with Plaintiff's duty to supplement expert discovery under Rule 26(e).  The supplemental report is based on Mr. Barr's ongoing review of Toyota's source code, which consist of millions of lines of complex code that could not have been fully reviewed at the time of his initial expert report.  Supplementing an expert report based on ongoing discovery of evidence is appropriate.  *See Churchill v. United States*, No. 1:09-cv-01846, 2011 U.S. Dist. LEXIS 13761, at *10 (E.D. Cal. Feb. 8, 2011) ("Rule 26 *anticipates* that an expert's written report may need to be updated to reflect newly discovered

1    evidence after it has been disclosed. The Rule allows supplementation of the expert

2    report and, in fact, *requires* the parties to supplement it."); *Luke v. Family Care &*

3    *Urgent Med. Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009)

4    ("'[S]upplementation under the Rules means correcting inaccuracies, or filling the

5    interstices of an incomplete report based on information that was not available at

6    the time of the initial disclosure.'")(quoting *Keener v. United States*, 181 F.R.D.

7    639, 640 (D. Mont. 1998).

8         Toyota therefore cannot claim that Mr. Barr's Supplemental Expert Report

9    violates Rule 26 when it was actually provided in accordance with Rule 26(e).  Mr.

10   Barr's supplemental report clarifies concepts that he previously articulated in his

11   initial April 12, 2013 expert report, allowing him to render a more complete

12   opinion.  This includes the discussion of the Full Throttle Bug, which is not a

13   wholly new concept.  Mr. Barr's initial expert report already discussed the presence

14   of a bug in Toyota's source code that could miscalculate the throttle angle, cause

15   task death, and trigger Unintended Acceleration.  This is evident in several passages

16   throughout Mr. Barr's April 12, 2013 report:

17        Toyota's system guards are specifically unable to ever detect the

18        following:

19             • a throttle angle miscalculation due to an algorithmic bug in the

20             software;

21             • corruption of the target throttle global variable, which is not

22             mirrored; or

23             • the death of Task X, which merely freezes the last target

24             throttle angle.

25        (Michael Barr April 12, 2013 Expert Report, p. 39) (footnote omitted)

26             * * *

27        These overly-complicated functions include functions, including the

28        very critical 1,400-line function that computes the target throttle angle,

that are so complex that they are likely "untestable".

(Michael Barr April 12, 2013 Expert Report, p. 54)

\* \* \*

It is my opinion that a partial software malfunction occurred in Mrs. St. John's 2005 Camry L4 vehicle and that this resulted in unintended acceleration. . . . [I]t is my opinion that one or more tasks likely died while Mrs. St. John had her foot on the brake pedal or as she removed it . . . . As a consequence of the same malfunction that resulted in her loss of throttle control, the target throttle angle was set to an opening sufficient to deplete the brake vacuum and thereby reduce the effectiveness of the brakes.

(Michael Barr April 12, 2013 Expert Report, p. 65)

\* \* \*

By virtue of its excessive complexity and an associated lack of validation, the function that calculates the target throttle angle is unreasonably dangerous.

(Chapter Regarding Toyota's Code Complexity, p. 4)

\* \* \*

 [N]o amount of unit testing, integration testing, vehicle testing, and/or other testing that Toyota may have performed is sufficient to rule out the presence of bugs, including bugs that can lead to unintended acceleration."

(Chapter Regarding Toyota's Code Complexity, p. 4)

\* \* \*

One of [the] functions at very high risk of containing bugs and also untestable is the critical function that computes the target throttle angle. . . . Computation of the target throttle angle is arguably the most important function in the entire code.  Errors in this function could

1   easily lead to unintended acceleration. . . . [Its] cyclomatic complexity

2   is so high that there is basically no way to determine with certainty by

3   reading the code or testing it whether the code will always calculate a

4   valid and safe throttle angle.

5   (Chapter Regarding Toyota's Code Complexity, p. 17)

6          * * *

7   NASA was unable to build a simulation model to fully test the throttle

8   control software. . . . [I]t is NASA's position that Toyota's throttle

9   angle control has never been proven correct.

10          (Chapter Regarding Toyota's Code Complexity, pp. 18-19)

11          * * *

12   This (unmirrored) global variable that might contain an out-of-range

13   target throttle angle is read in various other parts of the ECM software,

14   including by a task that actually drives the throttle to the desired angle.

15   If the throttle calculation function has a bug and produces an

16   unreasonably large throttle angle, other parts of the ECM software

17   code either use the out-of-range value "as is" or limit the throttle angle

18   to its maximum value . . . .

19   (Chapter Regarding Toyota's Code Complexity, p. 21)

20          * * *

21   In other words, an error in the mathematics of the throttle angle

22   computation (or a memory corruption) can result in the throttle

23   opening wide! . . . [T]his overly complex function should be rewritten

24   and broken down into smaller and more manageable parts.

25   (Chapter Regarding Toyota's Code Complexity, p. 21)

26   Barr Decl., ¶¶ 4,8; Ex. A.

27          In essence, the Full Throttle Bug is just a new name for an existing concept.

28   Mr. Barr's Supplemental Expert Report elaborates on this bug to expand on the

1  observations that he had previously made in his April 12, 2013 report.  Since Mr.

2  Barr's discussion of the Full Throttle Bug merely supplements and updates the

3  opinions of initial expert report, it is consistent with the procedures of Rule 26(e)

4  and is admissible.

5  **2.    Mr. Barr's Supplemental Expert Report is Timely**

6  Toyota's arguments regarding the timeliness of Mr. Barr's Supplemental

7  Expert Report fails.  Rule 26(e) makes clear that a party may supplement their

8  experts' reports up until the deadline for pretrial disclosures:  "Any additions or

9  changes to this information must be disclosed **by the time the party's pretrial**

10  **disclosures under Rule 26(a)(3) are due**."  Fed. R. Civ. P. 26(e)(2) (emphasis

11  added).  Unless a court designates otherwise, pretrial disclosures must be made at

12  least thirty days before trial.  Fed. R. Civ. P. 26(a)(3)(b).

13  Here, the Court's Revised Scheduling Order specifically establishes that the

14  deadline for pretrial filings is on October 8, 2013.  Walburg Decl., Ex. B.  Thus, the

15  parties have until October 8, 2013 to supplement any of their experts' reports.  Mr.

16  Barr submitted his supplemental report on August 2, 2013, well in advance of the

17  Court's pretrial disclosure deadline.  As a result, Mr. Barr's Supplemental Expert

18  Report is timely and adheres to the Court's Revised Scheduling Order.[4][5]

19  **3.    Any Prejudice From Mr. Barr's Supplemental Expert**
20  **Report May be Cured**

21  Toyota will suffer little prejudice from the admission of Mr. Barr's

22  Supplemental Expert Report.  Since Mr. Barr's initial expert report delivered all of

23  [4] It is Plaintiff's understanding that the Court's June 6, 2013 deadline for
24  Rebuttal/Supplemental Disclosures only applied to rebuttal opinions.

25  [5] Toyota cannot contest the timeliness of Mr. Barr's Supplemental Expert Report
    when Toyota's own experts submitted late materials.  For example, Toyota's expert
26  Lee Carr submitted a new draft of a study that he completed in conjunction with the
    errata sheet for his deposition.  Gary Fowler submitted additional materials after his
27  deposition, and Ashish Arora submitted new testing information two days before
    his scheduled deposition.
28

1   the opinions that he refines in his supplemental report, Toyota has already been

2   aware of the problems with its source code since April 12, 2013.  Toyota also

3   cannot take issue with Mr. Barr's discussion of the Full Throttle Bug, which was

4   discussed in detail at Mr. Barr's deposition.[6]  In fact, Mr. Barr produced his

5   supplemental report in response to Toyota's query for a written explanation of the

6   Full Throttle Bug.  Barr Decl., ¶ 9; Walburg Decl., ¶ 4.  Toyota therefore cannot

7   claim that it will be prejudiced from a report that it explicitly solicited.

8           Furthermore, Plaintiff has offered to make Mr. Barr available for an

9   additional deposition regarding the opinions in his Supplemental Expert Report.

10   Walburg Decl., ¶¶ 5-6; Ex. A.  While this would cure any supposed prejudice that

11   Toyota suffered, Toyota has declined to take an additional deposition of Mr. Barr.[7]

12   It is inexplicable how Toyota can claim that it will suffer prejudice when Plaintiff

13   has readily provided a remedy.

14           In contrast, Plaintiff stands to suffer severe prejudice if the Court strikes Mr.

15   Barr's Supplemental Expert Report.  The supplemental report adds clarity to Mr.

16   Barr's opinions, and it explains the existence of the key software failure that

17   triggered Mrs. St. John's Unintended Acceleration event.  Excluding this

18   supplemental report will be greatly detrimental to Plaintiff and will deny the jury of

19   an essential tool in understanding this case.

20           **B.**    **Toyota's Motion to Strike Mr. Barr's Supplemental Expert Report is Procedurally Improper**

21

22           Toyota's present motion contravenes the Court's established motion practice

23   procedure.  The Local Rules for the Central District of California specifically

24   [6] Toyota subsequently questioned Mr. Barr at length regarding the 2005 Toyota

25   Camry's Full Throttle Bug on August 2, 2013 in his deposition for the *Bookout* and *Alberto* state court cases. Barr Decl., ¶ 10

26   [7] Toyota has no excuse for its decision to not take an additional deposition of Mr.

27   Barr.  Toyota took a subsequent deposition of Plaintiff's expert Steve Loudon on August 8, 2013, and it could have easily taken another deposition during that week based on the dates that Plaintiff offered.  *See* Walburg Decl., Ex. A

28

1    require the parties to meet and confer regarding the substance of a potential motion,

2    "at least seven (7) days prior to the filing of the motion."  C.D. Cal. R. 7-3.

3    Toyota's counsel, however, failed to give any indication that it was going to file the

4    present motion until *the day of the filing*.  Walburg Decl., ¶ 9.  Rather than actually

5    meeting and conferring, Toyota's Motion claims that:

6         Pursuant to L.R. 7–3, counsel for the Toyota defendants and counsel

7         for Plaintiff have met and conferred and discussed the various pre-trial

8         motions being filed, and to the extent the parties have been able to

9         eliminate issues, they have.  As of this point in time, each side is filing

10        the motions they believe are appropriate.

11   Toyota's Motion at 2:13-16.  The inclusion of this paragraph, however, is

12   deceiving.  The parties agreed to the language in this paragraph for the use in their

13   previously filed *Daubert* motions and Toyota's motion for summary judgment,

14   Walburg Decl., ¶ 8; it is unacceptable and improper for Toyota to use this same

15   meet and confer language for an entirely different purpose.

16        Aside from Toyota's failure to properly meet and confer, Toyota filed this

17   motion on the afternoon of Friday, August 9, 2013, but set the hearing date for

18   Thursday, August 15, 2013.  This six day time period is hardly enough time for

19   Plaintiffs to properly brief the critical issues at stake here.  In fact, the Court's Local

20   Rules explicitly safeguard against such ambushes by requiring parties to file a

21   notice of motion "no later than twenty-eight (28) days before the date set for

22   hearing. . . ."  C.D. Cal. R. 6-1. The six day time period in between the filing of

23   Toyota's Motion and the proposed hearing date is nowhere close to the twenty-

24   eight days that the Court's Local Rules contemplate.  While Plaintiff's counsel has

25   repeatedly requested Toyota's counsel to reconsider and continue the hearing date

26   for this motion, Toyota's counsel declined these reasonable requests. Walburg

27   Decl., ¶¶ 9-10; Exhibit C to Walburg Decl.

28        Toyota's refusal to cooperate with Plaintiff in scheduling the hearing date for

1   this motion is indicative of Toyota's gamesmanship.  This is propounded by the fact

2   that Toyota did not deliver any version of Mr. Barr's Supplemental Expert Report

3   until Monday, August 12, 2013 – a mere three days before the scheduled hearing

4   date.  Walburg Decl., ¶ 11.  Toyota clearly hoped that Plaintiff would not be able to

5   submit a comprehensive response to its motion under such a tight time period.

6   Given Toyota's improper conduct in the filing of this motion, Plaintiff respectfully

7   requests that the Court deny the motion.

8             **C.**    **Mr. Barr's Supplemental Expert Report Does Not Warrant Any**

9                    **Sanctions Under Rule 37(c)(1)**

10       It is baffling why Toyota would seek to strike Mr. Barr's Supplemental

11   Expert Report under Rule 37(c)(1) when Toyota specifically requested that Plaintiff

12   provide a written explanation for the Full Throttle Bug.[8]  Walburg Decl., ¶ 3.  Rule

13   37(c)(1) provides sanctions for a party's failure to comply with Rule 26(a) or (e).

14   Fed. R. Civ. P. 37(c)(1).  This is not applicable here, as Mr. Barr's Supplemental

15   Expert Report squarely falls within the purview of Rule 26(e)'s duty to supplement.

16       Even if Mr. Barr's Supplemental Expert Report is treated as an untimely

17   expert disclosure, it still does not merit exclusion under Rule 37, because the

18   submission was substantially justified.  As the Ninth Circuit explained in *Yeti by*

19   *Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), "Two

20   express exceptions ameliorate the harshness of Rule 37(c)(1): The information may

21   be introduced if the parties' failure to disclose the required information is

22   *substantially justified or harmless*." (emphasis added).  Here, the timing of Mr.

23   Barr's Supplemental Expert Report is substantially justified because Toyota

24   explicitly requested that Plaintiff provide a written analysis of the Full Throttle Bug

25   after it deposed Plaintiff's source code experts.  Walburg Decl., ¶ 3.  Since Toyota

26   _____

27   [8] Since Mr. Barr has spent the most time reviewing Toyota's source code and the
     Full Throttle Bug, he is the most suitable expert to explain the details of the bug

28   and its impact on vehicle behavior.

1   issued this request after the deadline had passed for the parties' to submit initial and

2   rebuttal reports, there was no way that Plaintiff could have complied with Toyota's

3   request within the time period for submitting expert reports.  Mr. Barr's

4   Supplemental Expert Report therefore cannot be excluded under Rule 37(c)(1).

5   **IV.**     **CONCLUSION**

6          For the foregoing reasons, the Court should deny Toyota's Motion to Strike

7   as Untimely Evidence Related to the Opinions in the Supplemental Report of

8   Michael Barr.

9

10  Dated:  August 14, 2013            Respectfully submitted,

11                                     LIEFF CABRASER HEIMANN &
                                       BERNSTEIN, LLP

12                                     By:   /s/ *Todd A. Walburg*
13                                            Todd A. Walburg

14                                     Elizabeth J. Cabraser (083151)
                                       Todd A. Walburg (213063)
15                                     Jordan Elias (228731)
                                       Phong-Chau G. Nguyen (286789)
16                                     275 Battery Street, 29th Floor
                                       San Francisco, CA  94111-3339
17                                     Telephone:  (415) 956-1000
                                       Facsimile:   (415) 956-1008

18                                     W. Mark Lanier (Pro Hac Vice)
19                                     Eugene R. Egdorf (Pro Hac Vice)
                                       Lee A. Cirsch (227668)
20                                     THE LANIER LAW FIRM P.C.
                                       6810 FM 1960 West
21                                     Houston, TX  77069
                                       Telephone:  (713) 659-5200
22                                     Facsimile:   (713) 659-2204

23                                     Cale Conley (Pro Hac Vice)
                                       Ranse Partin (Pro Hac Vice)
24                                     CONLEY GRIGGS PARTIN, LLP
                                       1380 West Paces Ferry Road, N.W., Ste. 2100
25                                     Atlanta, GA  30327
                                       Telephone:  (404) 467-1155
26                                     Facsimile:   (404) 467-1166

27                                     *Attorneys for Plaintiff Estate of Ida St. John*

28

1126225.2                      - 13 -            PLTF'S OPP. TO TOYOTA'S MOTION TO
                                                 STRIKE SUPP. REPORT OF MICHAEL BARR
                                                 CASE NO. 8:10ML02151 JVS (FMOx)

1

## **CERTIFICATE OF SERVICE**

2      I am a citizen of the United States and employed in San Francisco County,

3 California.  I am over the age of eighteen years and not a party to the within-entitled

4 action.  My business address is Lieff Cabraser Heimann & Bernstein, LLP, 275

5 Battery Street, 29th Floor, San Francisco, California, 94111-3339.

6      The foregoing document was served on all parties and their attorneys of

7 record in: *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales*

8 *Practices, and Product Liability Litig.*, No. 10-2151-JVS; and *St. John v. Toyota*,

9 No. 10-1460-JVS, via ECF on the date specified below.

10      I declare under penalty of perjury that the foregoing is true and correct.

11 Executed in San Francisco, California on August 14, 2013.

12
                                                 /s/ *Todd Walburg*
13                                               Todd A. Walburg

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28