UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | <u>SACV 10-01460 JVS(FMOx)</u><br>8:10ML2151 JVS (FMOx) | Date | August 20, 2013 |
| Title | <u>St. John v. Toyota Motor Sales, U.S.A., Inc.</u><br>A member case IN RE: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Todd Walburg / Phong-Chau Nguyen | Joel Smith |

**Proceedings:**    <u>Toyota Defendants' Motion to Strike as Untimely Evidence Related to the Opinions in the Supplemental Report of Michael Barr (#4012 in MDL 2151)</u>

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the motion and rules in accordance with the tentative ruling as follows:**

This Order relates to the member case captioned above.

This matter is before the Court on Toyota's Motion to Strike the August 1, 2013 Supplemental Report of Plaintiffs' expert witness, Michael Barr. (Docket No. 4012.) Timely opposition and reply briefs have been filed. (Docket Nos. 4022 & 4036.) The Court has reviewed the parties' briefing and the evidence cited, and more particularly has reviewed the initial and supplemental reports of Michael Barr and the rebuttal report of Carl Muckenhirn.

As set forth herein, the Court grants the Motion to Strike.

I.    <u>The Present Motion</u>

The present Motion to Strike addresses the August 2, 2013 Report of Plaintiffs' software expert, Michael Barr. That report is entitled Supplemental Report of Michael Barr Regarding Toyota's Full Throttle Bug ("Barr Supplemental Report").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 10-01460 JVS(FMOx)**<br>8:10ML2151 JVS (FMOx) | Date | August 20, 2013 |

Title  **St. John v. Toyota Motor Sales, U.S.A., Inc.**
A member case IN RE: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation

Toyota moves to strike the report as an untimely expert report.

Plaintiffs argue that the Barr Supplemental Report is a permissible (and indeed, required) supplementation of his April 12, 2013 Initial Report. (Opp'n at 1-2; id at 6 ("Mr. Barr's supplemental report clarifies concepts that he previously articulated in his initial April 12, 2013 expert report, allowing him to render a more complete opinion.").) They also contend that because the Barr Supplemental Report is merely a permissible expansion or supplementation of the Muckenhirn Rebuttal Report, it should not be stricken because Toyota requested further explication of the Muckenhirn Rebuttal Report. (Opp'n at 4; Barr Decl. (Docket No. 4022-1) ¶ 9.)  Additionally, Plaintiffs contend Toyota will suffer no prejudice if the Barr Supplemental Report is not stricken.  (Opp'n at 10.)

II.   Legal Standards

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure requires that parties make expert disclosures "at the times and in the sequence that the court orders."

Rule 26(a)(2)(B) requires that written expert reports set forth a "complete statement of all opinions the witness will express and the basis and reasons for them." Relatedly, Rule 26(a)(2)(D)(ii) permits the admission of rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. Thus, "[t]he function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party."  Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 749, 759 (8th Cir. 2006) (internal quotation marks and citation omitted). "Accordingly, a supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)."  Plumley v. Mockett, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (internal quotation marks and citation omitted).

The Court's MDL Order No. 21 required initial expert disclosures no later than April 12, 2013, and rebuttal/supplemental disclosures no later than June 6, 2013, with an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 10-01460 JVS(FMOx)** <br> 8:10ML2151 JVS (FMOx) | Date | August 20, 2013 |
| Title | **St. John v. Toyota Motor Sales, U.S.A., Inc.** <br> A member case IN RE: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation | | |

expert discovery cut-off date of July 8, 2013. (MDL Docket No. 3398.)

Thus, on its face, the Barr Supplemental Report was served almost four months after the expiration of the deadline for the initial reports, almost two months after the express deadline for "rebuttal/supplemental disclosures," and almost a month after the close of expert discovery.

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party is precluded from using expert reports where they are not disclosed in a timely manner. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). However, Rule 37(c)(1) permits use where the failure was either "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). "Substantial justifi[cation]" implicates the reason for the delay, while "harmless[ness]" requires inquiry into resulting prejudice. See, e.g., Yeti by Molly, 259 F.3d at 1106 (discussing whether the proffered reasons for defendants' delay substantially justified the delay); Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008) (requiring proponent of evidence to demonstrate harmlessness by demonstrating the lack of prejudice to the opposing party).

III. Discussion

    A.    *St. John* — SUA from a Full Stop

The collision at issue in the St. John case occurred after the driver, the now-deceased Ida Starr St. John,[1] was stopped and ready to turn at a stop sign. Before her death, Mrs. St. John testified that when she removed her foot from the brake, her 2005 Camry accelerated without her depressing the accelerator. (St. John Depo. (Docket No. 4023-1) at 116-17.) The parties agree that these facts compel the assumption that just prior to the alleged incident of SUA, the throttle angle would have been only slightly open, allowing the engine to "idle" at the stop sign.

---

[1] It is not alleged that the collision resulted in Mrs. St. John's death.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 10-01460 JVS(FMOx)**<br>8:10ML2151 JVS (FMOx) | Date | August 20, 2013 |

Title  **St. John v. Toyota Motor Sales, U.S.A., Inc.**
A member case IN RE: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation

The Barr Supplemental Report identifies a software bug that he opines could cause the throttle to open significantly without input from the driver. As Barr himself admitted, the Full Throttle Bug ("FTB") was not discussed in the Barr Initial Report,[2] dated April 10, 2013—a fact that has led to the present Motion to Strike.

  B.  Barr Initial Report

The Barr Initial Report addresses software defects, and it is lengthy and detailed. Most significantly, for the present discussion, Barr opines that in the event of the death of a specified task in the 2005 Camry's software, the throttle angle becomes unresponsive to user input, leading to sudden, unintended acceleration ("SUA"). Barr also opines that proper brake function can be adversely affected when the throttle remains open to a sufficient degree to deplete the braking system's "vacuum-assist" function.[3] Barr is of the opinion that task death (of one or more tasks) resulted in the St. John collision. Specifically, Barr states:

> [I]t is my opinion that one or more takes likely died while Mrs. St. John had her foot on the brake pedal or as she removed it—in the period of time that

---

[2] Barr responded "no" to the question of whether his Initial Report describes how the FTB would "override the calculated target-throttle angle." (Barr Depo. at 241 (Docket No. 4028 (sealed) at 75); cf. id. at 240 ("Many of the contributing variable and functions" to the FTB, are identified there, but that specific full-throttle bug is not identified to that level of detail in this report.").) Instead, Barr identified the Muckenhirn Rebuttal Report as describing the FTB. (Id. at 241.)

[3] In contrast, Toyota contends application of the brake will in every instance close the frozen throttle and therefore task death does not result in SUA so long as the driver applies the brake properly. (Motion at 2-3.) Resolution of this issue is beyond the scope of the present Motion to Strike. Thus, the Court does not decide this issue or any of the other many issues related to the relative merits or reliability of the parties' expert opinions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 10-01460 JVS(FMOx)**<br>8:10ML2151 JVS (FMOx) | Date | August 20, 2013 |
| Title | **St. John v. Toyota Motor Sales, U.S.A., Inc.**<br>A member case IN RE: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation | | |

began as she slowed toward the stop sign and ended as the vehicle moved into the intersection against her will. As a consequence of the same malfunction that resulted in her loss of throttle control, the target throttle angle was set to an opening sufficient to deplete the brake vacuum and thereby reduce the effectiveness of the brakes.

(Barr Initial Report ¶ 150.)

  C. Rebuttal Expert Muckenhirn's Deposition Testimony

Muckenhirn, in his deposition, explained what would eventually be referred to as the Full Throttle Bug ("FTB") as an anomaly that occurs when there was a low voltage condition coupled with a the "limp home" mode flag at either "yes" or "no."[4] This occurrence could result in a condition in which the throttle was opened to a 84 degree angle. (Muckenhirn Depo. at 58 (Docket No. 4028 (sealed) at 21.) The parties appear to agree that the discussion found in the Muckenhirn Rebuttal Report at 14, ¶14(f) is the first mention of this particular bug.[5]

  D. Barr Deposition

The theory was expanded upon in Barr's July 3, 2013 Deposition. Barr testified that the FTB overrides the calculated throttle angle. (Barr Depo. at 238.) As he explains, the calculated throttle angle is subjected to a "bounds check" that has a bug in it, and in certain circumstances, the bug will cause the throttle to ignore the calculated angle and to

---

[4] At his deposition, Muckenhirn could not recall whether the "limp home" flag had to be set to the "yes" or "no" status for the bug to triggered. (Id. at 57.) He was certain the voltage condition had to be low, but could not recall if the voltage was related to the central processing unit or the vehicle battery. (Id. at 56-57.)

[5] How ¶ 14(f) references the FTB is not particularly clear to the Court, but the fact that the parties appear to agree it does is sufficient for purposes of resolving the present Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 10-01460 JVS(FMOx)**<br>8:10ML2151 JVS (FMOx) | Date | August 20, 2013 |

Title     **St. John v. Toyota Motor Sales, U.S.A., Inc.**
A member case IN RE: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation

instead apply a global variable set to 84 degrees. (Id. at 239.)

On August 1, 2013, Barr produced his Supplemental Report. The Supplemental Report explains the FTB in detail, and sets forth a number opinions. Specifically, Barr's relevant opinions may be summarized[6] as follows: (1) There is a bug in the throttle calculation subroutine in the 2005 Camry L4 software that may result in the throttle being opened to 84 degrees at any time, including from a full stop; (2) that SUA can be caused by this bug even absent task death; (3) but that occurrence of this bug followed by task death can result in SUA that continues indefinitely; and (4) the bug and task death have common triggers, including low voltage signals and memory corruption.

E.     Ruling

Plaintiffs first contend that the Barr Supplemental Report is a permissible supplementation of his Initial Report. The Court disagrees. Far from merely correcting or clarifying his initial opinions, Barr expands them significantly to include a previously unarticulated, but very specific, software bug that might cause SUA by accessing a global variable that arbitrarily resets the throttle position to an open position regardless of driver input. Moreover, it is in the Supplemental Report that he specifically opines for the first time that this bug can be triggered while the vehicle is at a full stop—an issue that figured prominently in the St. John collision from the inception of the case. The umbrella term "software defects" cannot be used to inject into the litigation an entirely new defect at this late date. (Cf. Opp'n at 1.)

The record is clear that Plaintiffs' software experts continued to review source code after their deadlines and found additional evidence to formulate new opinions. Although these opinions strengthen Plaintiffs' litigation position, that alone does not justify denying the Motion to Strike. Similarly, the FTB is undoubtedly related to the issues set forth in the Barr Initial Report, which addressed alleged defects in the Camry 2005 software in thirteen separate chapters. However, the Barr Initial Report is such a

---

      [6]    Barr himself summarizes his opinions in a similar manner in his "Executive Summary."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 10-01460 JVS(FMOx)**<br>8:10ML2151 JVS (FMOx) | Date | August 20, 2013 |
| Title | **St. John v. Toyota Motor Sales, U.S.A., Inc.**<br>A member case IN RE: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation | | |

comprehensive review of the alleged defects in the Camry software that almost any additional opinions on defects in that software will relate in some manner to the Initial Report.

This case has facts similar to Plumley, 836 F. Supp. 2d at 1064, in which the Court struck a "supplemental" expert report where the report, "rather than correcting an error or omission in [the] prior report, provides a new opinion that is designed to strengthen [a party's] legal argument for inequitable conduct." The Court here reaches the same conclusion regarding the Barr Supplemental Report.

In truth, the Barr Supplemental Report reads more like a Supplemental Report to Muckenhirn's Rebuttal Report. Indeed, as noted, Plaintiffs contend it was prepared in response to Toyota's request, and therefore it should not be excluded. However, even if it were permissible for another expert to supplement an expert's rebuttal report, the Barr Supplemental Report would still be untimely. The Supplemental Report was prepared after the close of expert discovery. The FTB was known to Barr at least as of July 3, 2013, the date of his deposition, and likely well before that.[7]

However, even assuming that the Barr Supplemental Report is a permissible supplementation of another expert's rebuttal report, it still requires exclusion. Considering the test in Yeti by Molly, 259 F.3d at 1106, the Court can permit the use of an untimely expert report where it is either "substantially justified" or "harmless."

Plaintiffs offer no substantial justification. To be sure, their task to review millions of lines of code is not an enviable one, but its monumental nature cannot excuse the present untimeliness. Here, Plaintiffs served an expert report, in the nature of a supplement to another's expert report, after the deadline for service of such reports, and indeed, after the close of all expert discovery. Moreover, the general basis for the Supplemental Report, although admittedly of a developing nature in light of the overwhelming volume of information, was nevertheless known to the expert who

---

[7] Barr represents in the Supplemental Report that the FTB was discovered on or about May 14, 2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 10-01460 JVS(FMOx)**<br>8:10ML2151 JVS (FMOx) | Date | August 20, 2013 |
| Title | **St. John v. Toyota Motor Sales, U.S.A., Inc.**<br>A member case IN RE: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation | | |

prepared the Supplemental Report over two and half before the date of the Supplemental Report.  Additionally, beyond knowledge of the general basis, the more specific details of the FTB were known to Barr more than a month before the date of the Supplemental Report.  On the present record, the late production of the Barr Supplemental Report was not substantially justified.

Moreover, because it sets forth a previously unarticulated software defect, the Supplemental Report is not harmless.  Although Plaintiffs have offered Barr for additional deposition time, to rebut the substance of his Supplemental Report, the Court would expect that Toyota would require a rebuttal expert of its own.  The current schedule does not allow for such additional rebuttal expert opinion, and in the absence of a substantial justification for the delay in producing the Barr Supplemental Report, the Court sees no good cause for altering that schedule.

IV.     Conclusion

As set forth herein, the Court grants Toyota's Motion to Strike the August 1, 2013 Supplemental Report of Plaintiffs' expert witness, Michael Barr.  (Docket No. 4012.)

**IT IS SO ORDERED.**

| | 0 | : | 35 |
|---|---|---|---|
| Initials of Preparer | kjt | | |